IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Michael Jenkins, <br> John L. Smith, <br> Dennis Gordon, <br> Hector Perez, <br> George McCline, <br> Larry Lerch, <br> Brian Hessel, <br> Steve Danforth, <br> Shane Shumate, <br> Tim Aiken, <br> David Drenth, <br> Duain Little, <br> Billy Grissle, <br> Richard Bird, <br> Rufus Washington, <br><br> Plaintiffs, <br><br> v. <br><br> Oregon Board of Parole and, <br> Post-Prison Supervision, <br><br> Defendants. | Civil Action No. 6:24-cv-1189 AN <br><br><br> CIVIL RIGHTS COMPLAINT <br> UNDER 42 U.S.C. § 1983 <br><br><br><br> VERIFIED CLASS ACTION <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

This is a Civil Rights Complaint filed against the Oregon Board of Parole and Post-Prison Supervision (hereinafter "the Board"), a public entity and an agency, for violations of plaintiffs' rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. At all times relevant to the events described throughout this civil complaint, the defendants are sued in their official and individual capacities. The Board is causing plaintiffs irreparable damages and has

Page 1 of 9 – Civil Complaint          Jenkins, Michael W., SID# 5303383

deprived plaintiffs of vested liberty interest in their scheduled parole release dates that continue to cause plaintiffs psychological distress, emotional turmoil, mental imbalance, and disability.

The relief sought will not necessarily invalidate or shorten state-imposed confinement, but would negate the unconstitutionality of procedures used in either parole eligibility or parole suitability proceedings.

## I. Parties

1. Plaintiffs are prisoners of the Oregon Department of Corrections.

Plaintiffs have exhausted all available administrative remedies related to the matters asserted herein.

Collectively, plaintiffs file this class action lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. Plaintiffs bring this class action immediately under 42 U.S.C. §1983.

3. Plaintiffs claim that the relief sought would not necessarily invalidate or shorten state-imposed confinement.

## II.

1. Plaintiffs allege that defendants have violated Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, the Oregon State Constitution Article I, Section 20, and the Fourteenth Amendment to the United States Constitution, Article I, Section 10, the due process and equal protection clauses.

## III.

1. All plaintiffs are serving terms of imprisonment with a history of release postponement which substantially limited their judgment, their ability to learn, their ability to comprehend the long-range effects of their acts, and their ability to maintain stable social relationships and stable

Page 2 of 9 – Civil Complaint        Jenkins, Michael W., SID# 5303383

employment because they are being deprived psychiatric treatment due to the unconstitutionality of Oregon Revised Statute (ORS) 144.125(1)-(4) (1977) and 144.125(1)-(4) (1981), and Oregon Administrative Rule (OAR) 255-060-0012(1)-(6) (1990)-(2019).

2. All plaintiffs became statutorily eligible for parole in each of their Exit Interview hearings that were pursuant to OAR 255-060-006(1)-(6) (2/1/1979)-(2019).

3. These plaintiffs assert that they have been denied their scheduled parole release dates that should have been final scheduled parole release dates but were not because of their past dangerous history and defendant the Board's prediction of plaintiffs' future dangerousness to their communities.

## IV. Jurisdiction and Venue

Jurisdiction of this Court is invoked pursuant to the provisions of Title 42 U.S.C. § 1983, Title 28 U.S.C. §§ 1331, 1332, 2201, 2202, 1343(3) and (4), and 2284. The District of Oregon is an appropriate venue under 28 U.S.C. § 1319(b)(2) because it is where the events giving rise to these claims occurred.

## V. CLAIM 1

1. Plaintiffs assert that defendant the Board follows an unwritten policy of automatically denying parole to prisoners with dangerous histories in violation of Title II of the ADA.

2. Specifically, this pro se civil rights complaint alleges that the defendant refused to set final parole release dates for plaintiffs because of the Board's finding that plaintiffs pose a danger to the community.

3. Plaintiffs allege that defendant the Board denied these plaintiffs an individualized assessment of their future dangerousness because of ORS 144.125(1)-(4) (1977), ORS

Page 3 of 9 – Civil Complaint    Jenkins, Michael W., SID# 5303383

144.125(1)-(4) (1981), OAR 255-060-0012(1)-(6) (1990)-(2019), and their disability.

4. Plaintiffs seek only prospective injunctive relief from defendants in their official capacities.

5. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

## VI. CLAIM 2

6. Plaintiffs state a claim of disability discrimination under Title II, and allege four elements:

(1) The plaintiffs, each as an individual with a disability;

(2) The plaintiffs are otherwise qualified to participate or receive the benefit of some public entity's services, programs, or activities;

(3) The plaintiffs were either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or were otherwise discriminated against by the public entity;

(4) Such exclusion, denial of benefits, or discrimination was by reason of the plaintiffs' disability; *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

7. With respect to the first element, the ADA defines "disability" as:

"(A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;

"(B) A record of such an impairment; or,

Page 4 of 9 – Civil Complaint         Jenkins, Michael W., SID# 5303383

"(C) Being regarded as having such an impairment." 42 U.S.C. § 12102(1) (1994).

8. Here, plaintiffs allege that they are disabled based on subsections (B) and (C); that is, they have a history of dangerousness and/or are regarded as being dangerous to the community.

9. Since plaintiffs allege that they have a history of a substantially limiting impairment and that they are regarded by defendant the Board as having a substantially limiting impairment under § 12102(1)(B) and (C), they have pled that they are disabled within the meaning of the ADA because the Oregon legislation that passed as H.B. 2013 (1977) in essence passed an unconstitutional statute; i.e., ORS 144.125(1)-(4) (1977).

## VII. CLAIM 3

10. The terminology of ORS 144.125 (1977):

"If a psychiatric or psychological diagnosis of <u>present severe emotional disturbance</u>, [PSED] has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

11. This terminology is not acknowledged nor recognized by the Diagnostic and Statistical Manual of the American Psychiatric Association, DSM-5. The terms "present severe emotional disturbance" have been the subject of significant litigation in the state of Oregon because these terms are contrary to the DSM-5 and "are not readily definable medical terms." *Weidner v. Armenakis*, 154 Or.App. 12, 959 P.2d 623 (1998), at 17.

12. Instead, the Oregon Court of Appeals has determined that they are "legal" terms for the Board to determine. "...[This] statutory standard is a legal one, rather than a medical one... it is for the Board, not the psychiatrist or psychologist, to apply this standard." *Id.*, at 16.

13. However, before the Board can make a finding that a prisoner suffers from a "present severe emotional disturbance, that constitutes a danger to the health or safety of the community," it <u>must</u> first have a diagnosis from a psychiatrist or psychologist that the prisoner suffers from a mental disorder. Such diagnosis is a *prerequisite* to the Board making any other findings in order to deny parole. *Id.*, at 19. *See also, Edwards v. Board of Parole and Post-Prison Supervision*, 272 Or.App. 183, 190-91, 355 P3d 166 (2015) ("[for] the Board to defer a [prisoner's] release date, the psychologist's report <u>must</u> diagnose the [prisoner] with a mental disorder."[emphasis added]), interpreting *Peek v. Thompson*, 160 Or.App. 260, 980 P.2d 178, *rev. dismissed*, 329 Or. 553, 994 P.2d 130 (1999).

14. Thus, it is the mental disorder that triggers whether the Board can defer parole, not any other criteria, including the perceived dangerousness of any prisoner.

15. This process and procedure can easily be summarized as follows:

    1) Dangerousness only equals mandatory release;

    2) Mental disorder plus dangerousness equals the Board <u>may</u> deny parole.

16. The discretion that this statute extends to the Board is not with respect to, but instead offends and is prejudicial to the prisoners because it allows ordinary citizens (Board members) to act in the capacity of medical officials without qualified credentials and is contrary to the DSM-5 terminology "anti-social personality disorder" that only a psychiatrist or psychologist can render.

## VIII. CLAIM 4

17. Plaintiffs allege that the two different terminologies conflict with each other because one is medical and the other is legal terminology and neither terminology under the unconstitutional statute affords these plaintiffs treatment by a psychiatrist, the only qualified

medical official that can prescribe medication and treatment that can cure this medical disorder; i.e., an anti-social personality disorder. Without the assistance of a psychiatrist to treat this disorder these plaintiffs' disability is being discriminated against in violation of the ADA and RA which prohibits a public entity from discriminating against their disability.

### IX. CLAIM 5

18. Plaintiffs claim that being found to have a disability, and then not being provided with treatment for that disability is in violation of the RA and ADA because it denies disabled prisoners access to the State of Oregon's programs of psychiatric treatment by a psychiatrist at the Oregon State Hospital and of their parole, based solely upon their dangerousness to their community's disability. In other words, as compared to all other prisoners, it is only the mentally disabled prisoners who can be denied parole. All other prisoners must be released regardless of any perceived dangerousness to their community.

19. Plaintiffs allege that it is hypocritical, fraudulent, and deceitful in form of this Oregon's unconstitutional statute ORS 144.125(1)-(4) (1977); ORS 144.125(1)-(4) (1981) because they can can never receive a psychiatric or psychological diagnosis of a present severe emotional disturbance from the Diagnostic and Statistical Manual of Mental Disorders (DSM-V-TR) because it does not prescribe to such terminology/technical terms.

20. Plaintiffs claim that the policy and procedure of the statutes ORS 144.125(1)-(4) (1977); ORS 144.125(1)-(4) (1981) discriminate against their disability because it does not allow plaintiffs psychiatric treatment by a psychiatrist, making House Bill 2013 (1977) and its amended statute ORS 144.125(1)-(4) (1981) unconstitutional because the PSED terminology is a term that conflicts with the DSM-V meaningful medical terminology because it does not allow

psychiatric treatment by a psychiatrist to combat the disability of dangerousness to the community that will show that their disorder is in remission. OAR 254-50-015(3) states:

> "if a psychiatric or psychological diagnosis of present severe emotional disturbance has been made with respect to the offender, a panel may order a postponement of the scheduled release until a specified later date or until the prisoner or institution presents evidence that the emotional disturbance is over or in remission."

21. Since 1979 the Board has chosen to exercise its discretion to postpone parole under rule and statute only for the group of offenders who have been found by the Board to be suffering from a present severe emotional disturbance and are also deemed by the Board to be dangerous to the community.

## X. CLAIM 6

22. Plaintiffs claim that the Board only prescribes to the diagnosis of a psychologist who can only tell plaintiffs of their mental characteristics. The diagnosis is only an identification of a disease or condition from its symptoms. Symptoms are only a sign of the existence of a condition. Without treatment there is no cure.

### PRAYER FOR RELIEF

Plaintiffs respectfully prays that this court enter judgment:

1. Granting plaintiffs a declaration that the acts and omissions described herein violated plaintiffs' rights under the Constitution and laws of the United States of America;

2. A preliminary and permanent injunction ordering defendants to cease their reckless, illegal and unlawful, arbitrary and capricious behavior that has deprived plaintiffs of their freedom; and,

3. Plaintiffs also seek a jury trial on all issues triable by jury;

4. Plaintiffs also seek recovery of their cost and disbursement including any reasonable attorney fees; and,

5. Any additional relief this Court deems just, proper, and equitable.

Dated this _3_ day of ___July___ 20_24_

Respectfully Submitted,

*Michael W. Jenkins*
(Signature)
Michael W. Jenkins, Plaintiff, Pro Se
SID #: 5303383
Oregon State Penitentiary
2605 State Street
Salem, Oregon 97310

## CERTIFICATE OF SERVICE

I, Michael W. Jenkins, do certify that I mailed a true copy of the attached verified class action civil rights complaint to the following parties at the following addresses:

Trial Court:
Trial Court Administrator
United States District Court
District of Oregon
1000 SW Third Avenue
Portland, Oregon 97204

Defendant:
Board of Parole and Post-Prison Supervision
1321 Tandem Avenue NE
Salem, Oregon 97301-2211

Attorney for Defendant:
Ellen Rosenblum
Oregon Attorney General
1162 Court Street NE
Salem, Oregon 97301

Dated this  3  day of  July , 2024.

*Michael W. Jenkins*
Michael W. Jenkins, Plaintiff Pro Se
SID #5303383
2605 State Street
Salem, OR 97310

## VERIFICATION

I, Michael W. Jenkins, being first duly sworn upon oath depose and say that the allegations in this class action civil rights complaint, Claims 1-6 inclusive, are true and correct to the best of my knowledge and belief.

*Michael W. Jenkins*
Michael W. Jenkins, Plaintiff Pro Se
SID #5303383
2605 State Street
Salem, OR 97310

State of Oregon

County of Marion

This instrument was acknowledged/signed and attested before me on July 18, 2024 by plaintiffs Michael W. Jenkins.

_____
Notary Public – State of Oregon

My commission expires: 5/9/2028

OFFICIAL STAMP
ROSILYNNE R. POLK
NOTARY PUBLIC-OREGON
COMMISSION NO. 1048299
MY COMMISSION EXPIRES MAY 09, 2028